IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| AUDRAIN PUBLIC WATER SUPPLY DISTRICT NO. 1 OF AUDRAIN COUNTY, MISSOURI,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF MEXICO, MISSOURI, & MISSOURI AMERICAN WATER, COMPANY<br>    Defendants. | Case No.: _____<br>**Jury Trial Demanded** |

## COMPLAINT

**COMES NOW**, the Plaintiff, Audrain Public Water Supply District No.1 (the "District") of Audrain County, Missouri, and for its claims and causes of action against the Defendants, alleged and states as follows:

## JURISDICTION

1. This Court has jurisdiction over the issues raised in this case by virtue of 28 USC § 1331 and § 1367(a).

## VENUE

2. Venue is appropriate in this Court pursuant to and in accordance with Title 28 USC § 1391(b).

## FACTUAL ALLEGATIONS

3. The District is a Missouri Public Water Supply District, created for the purpose of developing and providing an adequate water supply to serve and meet the needs of residents within the territory of the District (the "District's Territory").

4. The District provides water service within the District's Territory.

5. Defendant City of Mexico, Missouri (the "City") is a Missouri municipality located in Audrain County, Missouri

6. Defendant Missouri American Water Company, Inc. ("Missouri American") is a Missouri corporation with its principal place of business in St. Louis County.

7. On information and belief, the City granted Missouri American the right to provide water service within the geographical boundaries of the City (the "Franchise Agreement").

8. Pursuant to the Franchise Agreement, Missouri American operates a water distribution system in competition with the District within the District's Territory.

9. The District is duly empowered as a public water supply district, to borrow funds from the Federal Government and in the process of performing its purposes, the District has in fact borrowed funds from the Federal Government and continues to be indebted to the Federal Government pursuant to and in accordance with 7 U.S.C. § 1926 for such borrowing.

10. The District entered into a loan agreement (the "Loan Agreement") with the United States Department of Agricultural (the "USDA") on or about May 20, 2013.  (See the District's Bond executed in favor of the United States, attached hereto as Exhibit "A").

11. Specifically, the District borrowed $223,000.00 from the USDA (the "Federal Loan")

12. The purpose of the Federal Loan was to enable the District to extend and improve its waterworks system.  See Exhibit A.

13. The District's obligation to the Federal Government is secured by District's Net Revenues generated by its operation of its system. See Exhibit A.

14. The District enjoys the protection of 7 U.S.C. § 1926(b), by reason if its indebtedness due the USDA under the Federal Loan.

15. Congress enacted 7 USC § 1926(b) as part of a federal scheme to extend loans and grants to facilitate rural economic development.

> The statute provides:
>
> The service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of such loan; nor shall the happening of any such event be the basis of requiring such association to secure any franchise, license, or permit as a condition to continuing to serve the area served by the association at the time of the occurrence of such event.
>
> 7 U.S.C. § 1926(b).

16. Section 1926(b) of Title 7 of the United States Code prohibits municipalities or similar entitles from exercising their powers to sell water services, when their exercise of that power would result in competition with federally indebted rural water districts. The statute protects an indebted rural association from curtailment or limitation by prohibiting municipal or similar corporations or entities from competing against the rural water district.

17. Defendant Missouri American, pursuant to the Franchise Agreement with the City, is and has been selling water service within the District's Territory to potential customers of the District (the "Disputed Areas").

18. The District has made water service available to customers and potential customers within the Disputed Area. Specifically, the District has infrastructure already in place that would allow it to service customers within the Disputed Areas.

19. The District has brought this action seeking to enforce its right to be the <u>exclusive</u> water distribution service provider within its entire territory, including the Disputed Areas, as provided by 7 U.S.C. §1926(b).

20. The purpose of the Federal Loan was to finance the District's improvement of its water distribution infrastructure. The Defendants' encroachment into the Disputed Territory is directly related to the District's distribution system.

21. The District has adequate infrastructure currently in place so that it can provide water service within the Disputed Are within a reasonable amount of time.

## COUNT I

## <u>VIOLATION OF 7 USC § 1926(b)</u>

22. The District incorporates by reference each of the above and foregoing allegations.

23. The District obtained the Federal Loan for the purpose of improving its ability to supply water within the District's Territory, including the Disputed Area. That Federal Loan is outstanding.

24. The Defendants have provided and continue to provide water service to customers within the Disputed Area.

25. The District has the ability to provide water service within the Disputed Area.

26. From the date the Federal Loan was made, the District has had the exclusive right to provide water service within its territory, including the Disputed Area, under 7 U.S.C. §1926(b) with respect to customers that the Defendants had not serviced prior to the issuance of the Federal Loan.

27. Furthermore, the District is entitled to monetary damages for the Defendants' incursion into its territory dating back to May 20, 2013 and future sales of water service within the District's Territory for those customers that Defendants had not serviced before March 20, 2013, until transition can be completed that will eliminating the encroachment.

28. The District is also entitled to its reasonable attorney's fees in prosecuting this claim under 7 U.S.C. §1926(b).

## COUNT II

## VIOLATION OF STATE LAW MO. REV. STAT. §§ 247.165 & 247.170

29. The District incorporates by reference each of the above and forgoing allegations.

30. The City has annexed into the City limits certain areas which are included within the District's Territory.

31. Further, Missouri American, through the Franchise Agreement with the City, has commenced water service to certain customers within these overlap areas without complying with Mo. Rev. Stat. § 247.165 or §247.170.

32. Under Missouri law, a municipality may not provide water service within the area of a rural water supply district without first complying with the terms of either §247.165 or §247.170.

33. As a result of the City providing water service within the District's Territory, the District has suffered damages in an amount yet to be determined, but in excess of $100,000.00.

34. In the even that the Court finds that the provisions of 7 U.S.C. §1926(b) are inapplicable, the District requests that the Court award it damages for Defendants' failure to comply with either §247.165 or §247.170 before supply water within the District's Territory.

## COUNT III

## INJUNCTIVE RELIEF

35. The District incorporates by reference each of the above and foregoing allegations.

36. Defendants have violated the Federal law by providing water service within the District's Territory as provided in 7 USC § 1926(b).

37. Defendants have also violated state law pursuant to Mo. Rev. Stat. § 247.165 and § 247.170 by providing water service within the District's Territory without first comply with either state statute.

38. The District has no adequate remedy at law for the Defendants' continued violation of both Federal and State law.

39. Public policy supports the issuance of an injunction to prevent Defendants' continued violation of Federal and State law.

40. Injunctive relief is a proper remedy for violations of both 7 USC § 1926(b) and Mo. Rev. Stat. §§ 247.165 and 247.170.

## COUNT IV

## CONSTRUCTIVE TRUST

41. The District incorporates by reference each of the above and foregoing allegations.

42. The Defendants' provision of water service within the District's Territory in violation of 7 U.S.C. §1326(b) and without complying with the provisions of Mo. Rev. Stat. §§ 247.165 or 247.170 wrongfully deprived the District's exclusive right to sell water service within the District's Territory.

43. Defendants, therefore, have been unjustly enriched by their provision of water service within the District's Territory.

44. Accordingly, any and all water lines and other facilities owned by either Defendant to serve residents within the District's Territory should be declared to be held in constructive trust for the use and benefit of the District.

45. Further, the Court should impose a constructive trust in favor of the District on any and all net revenues generated from the Defendants' provision of water service within the District's Territory until the Defendants cease providing such service within the District's territory.

46. The District has no adequate remedy at law to remedy Defendants' past violations of 7 U.S.C. § 1926(b) or Mo. Rev. Stat. §§ 247.165 and 247.170.

## PRAYER

Based upon the above and foregoing allegations, Plaintiff prays for a judgment against the Defendants as follows:

1. A monetary judgment for all damages sustained as a result of the Defendant's wrongful actions.

2. A permanent injunction against the Defendants restraining the Defendants from selling water within the District's Territory.

3. An Order compelling the orderly transition of water customers from Defendants to the District.

4. A constructive trust imposed in favor of the District with respect to water lines and other infrastructure Defendants have placed within the District's Territory.

5. A Judgment for the return of any and all funds which the Court deems the Defendants obtained in contravention of federal or state law, and for which the City has been unjustly enriched.

6. A monetary judgment for all attorney's fees and costs incurred in this action.

7. Such further and other relief as may be deemed appropriate.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a Jury Trial on all issues properly triable by Jury.

EVANS & DIXON, LLC

___/s/_*Bryan C. Bacon*_____
BRYAN C. BACON
Bar No.: 46229
501 W. Cherry St., Suite 200
Phone: (573) 777-8823
Fax: (314) 884-4541
Email: bbacon@evans-dixon.com
**Attorney for Plaintiff**


EVANS & DIXON, LLC

___/s/_*Aimee Davenport*_____
AIMEE DAVENPORT
Bar No.: 50989
501 W. Cherry St., Suite 200
Phone: (573) 777-8823
Fax: (314) 884-4541
Email: adavenport@evans-dixon.com
**Attorney for Plaintiff**