UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| AUDRAIN PUBLIC WATER SUPPLY, DISTRICT NO. 1 OF AUDRAIN COUNTY, MISSOURI | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 2:15 CV 62 CDP ) |
| CITY OF MEXICO, MISSOURI, & MISSOURI AMERICAN WATER COMPANY | ) ) ) ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

Plaintiff Audrain Public Water Supply District ("the District") is a Missouri public water supply district with the right to exclusively provide water service to a defined tract of land within Audrain County.[1] A portion of that defined tract falls within the geographical limits of the Defendant City of Mexico, Missouri. The City entered into a franchise agreement with Defendant Missouri American Water Company (MAWC), which purportedly gave MAWC the right to provide water service within the limits of the city. MAWC then began selling water service to customers in the city, including in the area that overlaps with the District's

---

[1] The facts that follow are based on the allegations set out in the District's amended complaint, and are considered true for the purpose of this Memorandum and Order. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

territory.  The District brought this suit to prohibit defendants from further providing water service within the disputed overlap area, and to recover damages.  Count I of the Amended Complaint alleged a violation of 7 U.S.C. § 1926(b).  Count II seeks damages for the defendants' failure to comply with either MO. REV. STAT. § 247.165 or § 247.170.

In filing its answer, defendant MAWC included a section entitled Motion to Dismiss Count II of the Amended Complaint.[2]  Plaintiff MAWC alleges that those statutes apply only to public water supply districts and municipalities, and not to regulated utility companies such as MAWC.  MAWC further asserts that even if the statutes apply, the language is permissive rather than mandatory and it was not required to take any actions in compliance.

Plaintiff opposes the motion on substantive grounds but also argues that this motion to dismiss should be denied on procedural grounds because MAWC failed to comply with Local Rule 7 – 4.01.[3]  I agree that the motion fails to comply with the local rule.  Although at times strict compliance with the Local Rule might be excused, this motion presents a complicated issue of state law, and I believe it should not be decided on the limited briefing that has been presented here.

---

[2] MAWC filed its motion in a single document simultaneously with its answer, in a document entitled "Answer and Motion to Dismiss."  A motion to dismiss under FRCP 12(b)(6) must be filed *before* a responsive pleading is made.  When it is filed after, it is typically treated as a motion for judgment on the pleadings.

[3] LR 7 – 4.01 requires, in part, that "[u]nless otherwise directed by the Court, the moving party shall file with each motion a memorandum in support of the motion."

Plaintiff filed a brief in opposition to the motion, but defendant has not filed a reply brief, and defendant has made no attempt to discuss the case law cited by plaintiff or to clarify exactly why it believes the Count fails to state a claim. I will therefore deny the motion to dismiss without prejudice. If defendant wishes to file a motion for judgment on the pleadings, it must comply fully with the local rule and must provide a memorandum in support that discusses the relevant Missouri case law and explains in more detail why it believes the Count fails to state a claim. Of course, defendant could choose instead to raise the issue through a motion for summary judgment after discovery has been completed.

**IT IS HEREBY ORDERED** that defendant's motion to dismiss Count II [31] is denied without prejudice to being reraised in a later motion that complies with the Local Rule.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of July, 2016.